IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LESLIE LAMANSKE, | ) |
| | ) |
| Plaintiff, | ) Case No. |
| | ) |
| v. | ) Removed from the 16th Judicial |
| | ) Circuit Court of Jackson County, |
| ISS FACILITY SERVICES, INC., d/b/a | ) Missouri, Case No. 1716-CV19735 |
| UNIGUARD SECURITY, | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |
| | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant ISS Facility Services, Inc. ("ISS"), by and through undersigned counsel, hereby removes this action from the 16th Judicial Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri, Western Division, based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441(a) and 1446(b). In support of such removal, ISS states as follows:

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

1. On August 16, 2017, Plaintiff Leslie Lamanske filed a Petition in the Circuit Court of Jackson County, Missouri, which named ISS as a defendant. Plaintiff's action bears the case number 1716-CV19735 (the "State Court Action").

2. ISS was served with process on August 31, 2017.

3. This Notice of Removal is timely filed within 30 days after service of process upon ISS. *See* 28 U.S.C. § 1446(b)(2)(B).

4. As required by 28 U.S.C. § 1446(a), a copy of all records and proceedings from the Circuit Court of Jackson County, Missouri is attached hereto. The Petition is

attached as Exhibit 1. The remainder of the state court file is attached hereto as Exhibit 2, comprising:

- Notice of Case Management Conference
- Summons

5. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), because this is the United States District Court embracing the Circuit Court of Jackson County, Missouri, where the State Court Action is pending. *See* 28 U.S.C. § 96.

6. In accordance with 28 U.S.C. § 1446(d), ISS has filed written notice of this removal with the Clerk of the Circuit Court of Jackson County, Missouri, where the State Court Action is pending. A copy of this Notice of Removal and the written notice of the same also are being served upon Plaintiff.

**COMPLETE DIVERSITY OF CITIZENSHIP EXISTS**

7. Upon information and belief, at the time this action was filed and at the time this Notice of Removal is filed, Plaintiff Leslie Lamanske was and is an individual and citizen of Missouri.

8. At the time this action was filed and at the time this Notice of Removal is filed, ISS was and is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in San Antonio, Texas. Accordingly, ISS is a citizen of Delaware and Texas for purposes of determining this Court's subject matter jurisdiction. *See* 28 U.S.C. § 1332(c).

# THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

9. Without admitting liability or conceding that the Plaintiff is, in fact, entitled to recover any damages, ISS states that Plaintiff seeks to recover pay and lost benefits, compensatory damages for emotional distress, attorneys' fees, punitive damages, and prejudgment interest.

10. Where, as here, Plaintiff fails to make a specific monetary demand in the Petition, the removing defendant need only submit a "short and plain statement" of the amount in controversy in the Notice of Removal. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014). The defendant is not required to make an evidentiary showing of the amount in controversy in the notice of removal. *Id.* "[A]s specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

11. A petition alleging violations of the Missouri Human Rights Act (as here), where the plaintiff seeks back pay and lost benefits, damages for emotional distress, punitive damages, and attorneys' fees (as here) sufficiently implicates the diversity amount in controversy threshold. *See Hill v. Aldi, Inc.*, No. 4:05CV1412 JCH, 2005 U.S. Dist. LEXIS 25726, at *5 (E.D. Mo. Oct. 28, 2005).

12. Plaintiff alleges that she resigned from her employment with ISS, construing this termination as a "constructive discharge," on July 5, 2016. *See* Petition, Ex. 1, at ¶ 27. Although plaintiff does not allege whether she is presently employed, it appears from the face of the Petition that she seeks to recover more than a years' worth

of back pay. Plaintiff also seeks to recover an unspecified sum in economic and non-economic damages for emotional distress and "humiliation."

13. In computing the amount in controversy, a removing party may also include punitive damages and statutory attorney fees. *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001).

14. Plaintiff seeks to recover attorneys' fees pursuant to Mo. Rev. Stat. § 213.111. *See* Petition, Ex. 1, at ¶ 56. This statute provides that "may award to the plaintiff actual and punitive damages, and may award court costs and reasonable attorney fees to the prevailing party." Mo. Rev. Stat. § 213.111. When a statute provides for the recovery of attorneys' fees, that amount is also to be considered part of the amount in controversy. *See, e.g., Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933).

15. This Court is an expert in the amount of attorneys' fees. *Stanley v. Lafayette Life Ins. Co.*, No. 3:13-cv-05137-MDH, 2015 U.S. Dist. LEXIS 57980, at *14 (W.D. Mo. May 4, 2015) (citing *Goins v. Goins*, 406 S.W.3d 886, 891 (Mo. banc 2013)). Fee awards over $75,000 are common in employment matters litigated through trial. *See, e.g., Delsing v. Starbucks Coffee Corp.*, 2010 U.S. Dist. LEXIS 36854, 2010 WL 1507642 (D. Minn. April. 14, 2010).

*16.* Moreover, Plaintiff seeks to recover punitive damages, which are included in the calculation of the amount in controversy. *See Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943); *Ross v. First Family Fin. Servs., Inc.*, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("unspecified claims for punitive damages sufficiently serve to bring the amount in controversy over the requisite threshold set out in 28

-4-

Case 4:17-cv-00817-HFS   Document 1   Filed 09/29/17   Page 4 of 6

of back pay. Plaintiff also seeks to recover an unspecified sum in economic and non-economic damages for emotional distress and "humiliation."

13. In computing the amount in controversy, a removing party may also include punitive damages and statutory attorney fees. *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001).

14. Plaintiff seeks to recover attorneys' fees pursuant to Mo. Rev. Stat. § 213.111. *See* Petition, Ex. 1, at ¶ 56. This statute provides that "may award to the plaintiff actual and punitive damages, and may award court costs and reasonable attorney fees to the prevailing party." Mo. Rev. Stat. § 213.111. When a statute provides for the recovery of attorneys' fees, that amount is also to be considered part of the amount in controversy. *See, e.g., Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933).

15. This Court is an expert in the amount of attorneys' fees. *Stanley v. Lafayette Life Ins. Co.*, No. 3:13-cv-05137-MDH, 2015 U.S. Dist. LEXIS 57980, at *14 (W.D. Mo. May 4, 2015) (citing *Goins v. Goins*, 406 S.W.3d 886, 891 (Mo. banc 2013)). Fee awards over $75,000 are common in employment matters litigated through trial. *See, e.g., Delsing v. Starbucks Coffee Corp.*, 2010 U.S. Dist. LEXIS 36854, 2010 WL 1507642 (D. Minn. April. 14, 2010).

*16.* Moreover, Plaintiff seeks to recover punitive damages, which are included in the calculation of the amount in controversy. *See Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943); *Ross v. First Family Fin. Servs., Inc.*, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("unspecified claims for punitive damages sufficiently serve to bring the amount in controversy over the requisite threshold set out in 28

U.S.C. § 1332"). The right to recover punitive damages is statutory. Mo. Rev. Stat. § 213.111. Although ISS disputes the occurrence of any events that would give rise to Plaintiff's recovery of punitive damages, for purposes of evaluating the amount in controversy, punitive damage awards combined with compensatory damages routinely exceed $75,000. *See, e.g., Denesha v. Farmers Ins. Exch.*, 161 F.3d 491, 502 (8th Cir. 1998) (in which a jury awarded more than $400,000 in compensatory and $4 million in punitive damages on employment discrimination claim).

17. The amount in controversy in this action therefore exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

18. Because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs, diversity jurisdiction exists in this action.

## REQUEST FOR JURISDICTIONAL DISCOVERY, HEARING

19. ISS recognizes that Plaintiff may contest this removal. If so, ISS requests the right to conduct discovery, a hearing on the issue of this Court's jurisdiction, and the opportunity to present evidence that demonstrates the existence of federal diversity jurisdiction. For example, if a plaintiff challenges the defendant's assertion regarding the amount in controversy, the removing defendant is entitled to submit proof and the Court is to decide the issue of whether the amount in controversy has been satisfied by a preponderance of the evidence. *Dart Cherokee*, 135 S. Ct. at 554. Accordingly, ISS is entitled to conduct discovery necessary to meet its burden of proof as to the existence of this Court's jurisdiction if contested.

WHEREFORE, Defendant ISS Facility Services, Inc. respectfully requests that this Court assume jurisdiction over this action in accordance with 28 U.S.C. §§ 1332,

-5-

Case 4:17-cv-00817-HFS   Document 1   Filed 09/29/17   Page 5 of 6

1441, and 1446. Should any issue arise as to the propriety of this removal, ISS respectfully requests the opportunity to conduct jurisdictional discovery and to provide briefing and oral argument on the same.

Respectfully submitted,

BAKER STERCHI COWDEN & RICE, LLC

 /s/ Angela M. Higgins
Shawn M. Rogers     MO #50610
Angela M. Higgins     MO #52159
2400 Pershing Road, Suite 500
Kansas City, MO  64108
Telephone:   (816) 471-2121
Facsimile:    (816) 472-0288
rogers@bscr-law.com
higgins@bscr-law.com

**ATTORNEYS FOR DEFENDANT
ISS FACTILITY SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September, 2017, a copy of the foregoing was electronically filed using the Court's CM/ECF system, and served by U.S. Mail, postage prepaid, to the following counsel of record:

Timothy H. Bosler
Timothy H. Bosler Jr.
BOSLER LAW FIRM, PC
5 Westowne St., Suite 500
Liberty, MO 64068
**ATTORNEYS FOR PLAINTIFF**

 /s/ Angela M. Higgins